**GOLDBERG SEGALLA LLP**
Christian A. Cavallo, Esq.
1037 Raymond Blvd., Suite 1010
Newark, New Jersey 07102
Mailing Address:
P.O. Box 360, Buffalo, NY 14201
Phone: 973.681.7000
Fax:  973-681-7101
ccavallo@goldbergsegalla.com
*Attorneys for Plaintiff Scottsdale Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>LZM SERVICE, LLC<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**Plaintiff Scottsdale Insurance Company's Complaint**

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), located at 18700 North Hayden Road, Suite 150, Scottsdale, AZ 85255, by and through its counsel, Goldberg Segalla, LLP, files this Complaint against Defendant LZM Service, LLC ("LZM"), located at 188 Jefferson Street #148, Newark, NJ 07105, and avers the following upon information and belief:

**I.   The Parties**

1. Plaintiff Scottsdale is a corporation organized under the laws of Ohio with a principal place of business in Scottsdale, Arizona.

2. LZM is a New Jersey limited liability company with its principal place of business in Newark, New Jersey.

3. LZM's sole member is Maria Helena Almeida Pereira ("Pereira").

4. Pereira is a resident of New Jersey.

## II. Jurisdiction and Venue

5. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. The Court also has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue in the United States District Court for New Jersey is proper because LZM's principal place of business is located in the State of New Jersey in a county identified by 28 U.S.C. § 118 and pursuant to 28 U.S.C. § 1391(b)(1) as defined by 28 U.S.C. § 1391(c).

8. Further, a substantial part of the events giving rise to Scottsdale's cause of action arose in this venue, including delivery of an insurance policy by Scottsdale to LZM. Thus, venue is also appropriate pursuant to 28 U.S.C. § 1391(b)(2).

## III. Facts Giving Rise to This Dispute

### A. The Scottsdale Policies

9. Scottsdale issued LZM a commercial general liability policy (No. CPS7638734) for the period August 17, 2022 to August 17, 2023 (the "First Scottsdale Policy"), which contains a limit of liability of $2,000,000 for any one occurrence.

10. The total premium for the First Scottsdale Policy was $1,223.00.

11. LZM submitted its applications for the First Scottsdale Policy before August 17, 2022.

12. In its application submissions, LZM represented:

1

    a. its primary operations were "Carpentry 1-man operation," "Carpentry," or "Handyman – Interior Carpentry";

    b. the only "State" or "Area" in which it performs operations is New Jersey;

    c. its total payroll was $20,000;

    d. that 100% of its work was "Residential/Remodeling";

    e. that it did not subcontract out work;

    f. that its anticipated "Receipts/Sales" were $80,000; and

    g. that it did not perform any work above two stories in height from grade.

13. LZM also did not disclose any current or planned projects in its application submission, as requested, nor did it assign any percentage of its operations to "Framing (residential)," "Residential home (new construction)," "Roofing," "Siding," or "Work on rooftops (other than roofing)."

14. All of LZM's applications for insurance are signed by Pereira, who is identified as the sole member of LZM.

15. Scottsdale issued the First Scottsdale Policy to LZM based on the representations made in LZM's applications for insurance, including the aforementioned.

16. The "Commercial General Liability Coverage Form" (CG 00 01 04 13) in the First Scottsdale Policy, as amended by the "Amendment of Insured Contract Definition" endorsement (CG 24 26 04 13), contains the following Insuring Agreement and includes the following condition:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any

"suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**6.     Representations**

By accepting this policy, you agree:

    **a.**     The statements in the Declarations are accurate and complete;

    **b.**     Those statements are based upon representations you made to us; and

    **c.**     We have issued this policy in reliance upon your representations.

17.     Coverage under the First Scottsdale Policy is subject to the "Injury To Employee And Worker Exclusion" endorsement (GLS328s (11-20)), which provides:

**INJURY TO EMPLOYEE AND WORKER EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**A.**     With respect to this endorsement, **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions,** subparagraph **e. Employer's Liability** is deleted in its entirety and replaced by:

    **e.     Employer's Liability**

        "Bodily injury" to:

3

  **(1)** An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) Performing duties related to the conduct of the insured's business; or

  **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

i. Whether the insured may be liable as an employer or in any other capacity; and

ii. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following is added to **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions** and **SECTION I—COVERAGES, COVERAGE B—PERSONAL AND ADVERTISING INJURY LIABILITY,** paragraph **2. Exclusions:**

This insurance does not apply to:

**1.** "Bodily injury" or "personal and advertising injury" to:

  a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;

  b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or

  c. Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or sub-subcontractor may be liable if such "bodily injury" or "personal and advertising injury" arises out of and in the course of their

4

       employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether it is caused in part by you; or

  **2.** Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" or "personal and advertising injury" to:

    a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured;

    b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or

    c. An employee of any contractor, subcontractor or sub-subcontractor; or

  **3.** "Bodily injury" or "personal and advertising injury" to the spouse, child, parent, brother or sister of that employee of any contractor, subcontractor or sub-subcontractor, or that contractor, subcontractor or sub-subcontractor, or that "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured as a consequence of items **1.** or **2.** above.

This applies to all claims, offenses and "suits" by any person or organization for damages, indemnity and/or any obligation to share damages with or repay someone else who must pay damages because of the injury.

**C.** The following exclusion is added to **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions:**

"Bodily injury" to:

**1.** Any "worker"; or

**2.** The spouse, child, parent, brother or sister of that "worker."

This exclusion applies:

5

      a.      Whether the insured may be liable as an employer or in any other capacity; and

      b.      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**D.**      For purposes of this endorsement only, the following is added to **SECTION V—DEFINITIONS:**

"Worker" means any person performing duties directly or indirectly related to the conduct of any business, regardless of the person or organization responsible for hiring, retaining, employing, furnishing or directing the worker.

18.      Coverage under the First Scottsdale Policy is also subject to the "Exclusion – Work In The State Of New York" endorsement (GLS-523 (5-17)), which provides:

**EXCLUSION—WORK IN THE STATE OF NEW YORK**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**ERRORS AND OMISSIONS COVERAGE PART**

The following exclusion is added to paragraph **2. Exclusions** of **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

a.      This insurance does not apply to "bodily injury," "property damage" or "damages" arising out of all ongoing operations conducted at any "location" in the state of New York, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

b.      This insurance does not apply to "bodily injury," "property damage" or "damages" included in the "products-completed operations hazard" and arising out of "your work" performed at any "location" in the state of New York.

For the purposes of this endorsement the following definition applies:

> "Location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

19. Scottsdale issued a second commercial general liability policy to LZM (No. CPS7847271) for the period August 17, 2023 to August 17, 2024 (the "Second Scottsdale Policy," referred to collectively with the First Scottsdale Policy as the "Scottsdale Policies"), which contains a limit of liability of $2,000,000 for any one occurrence.

20. The total premium for the Second Scottsdale Policy was $2,223.00.

21. Scottsdale issued the Second Scottsdale Policy in reliance on the same representations made in the application submissions for the First Scottsdale Policy.

**B.  LZM's Misrepresentations in Procuring Coverage**

22. Following issuance of the Scottsdale Policies, Scottsdale learned for the first time that, contrary to LZM's application materials, LZM was performing work at a project located at 62 Main Street, Tarrytown, NY 10591 (the "Project").

23. The Project was to build a two to three-level reinforced concrete parking structure supporting a three-story residential wood structure containing 100 rental units.

24. LZM was retained for the Project to perform the following work:

> Stick Framing 3 Floors Interior and Exterior Walls as per plans
> Installation of Deck Trusses, Roof Trusses, Sub-Floor 3/4" Underlayment
> Installation of Exterior Sheathing 7/16" OSB, Stairs Platforms, Windows and Stick Framing Roof parapets

25. LZM was retained for the Project at a contract price of $430,000.

26. LZM was also engaged in other projects totaling a payroll and sales substantially in excess of those identified in its application submissions.

27. LZM's applications for insurance with Scottsdale contain misrepresentations, including, but not limited to the misrepresentations that:

7

    a. LZM's operations were limited to the State of New Jersey;

    b. its business operations were limited to "Carpentry 1-man operation," "Carpentry," or "Handyman – Interior Carpentry";

    c. it did not perform any work above two stories in height from grade;

    d. its total payroll was $20,000;

    e. its anticipated "Receipts/Sales" were $80,000;

    f. it had no current or planned projects; and

    g. its operations did not include "Framing (residential)," "Residential home (new construction)," "Roofing," "Siding," or "Work on rooftops (other than roofing)."

28. LZM's misrepresentations are material as a matter of law because in the absence of such misrepresentations, Scottsdale would not have issued the Scottsdale Policies, or would have issued the Scottsdale Policies with substantially different terms, conditions, limits, and/or premium.

29. LZM's misrepresentations are in breach of the "Representations" condition in the Scottsdale Policies.

30. Scottsdale hereby rescinds the Scottsdale Policies and tenders to LZM a refund of the premium paid for the Scottsdale Policies, which it will refund to LZM upon a judicial declaration that the recission of the Scottsdale Policies is valid and that the policies are rescinded and void *ab initio*.

    **C.**    **The *Rosa* Action**

31. Scottsdale has also been placed on notice of a lawsuit captioned *Jose Hernandez Rosa v. WBP Development LLC and Griffon Construction LLC* (N.Y. Sup. Ct. Westchester Co.,

Index No. 55594/2023) (the "*Rosa* Action"), in which LZM has been named as a third-party defendant.

32. In the *Rosa* Action, Jose Hernandez Rosa ("Rosa") alleges that on November 7, 2022, he was employed by a subcontractor that was engaged in construction work at the Project when he fell while performing work on ceiling beams, sustaining injuries (the "Accident").

33. The defendants in the *Rosa* Action commenced a third-party action against LZM (among others) in which they allege Rosa was an employee of LZM on the date of the Accident and assert causes of action premised on LZM's alleged negligence and/or breach of certain contract terms, entitling them to contribution and/or indemnification from LZM in connection with Rosa's claims.

34. LZM sought a defense and indemnification in connection with the *Rosa* Action from Scottsdale under the First Scottsdale Policy.

35. On February 19, 2024, Scottsdale issued a letter to LZM advising that it is disclaiming any obligation to defend or indemnify LZM and any other person or entity in connection with the *Rosa* Action and Accident on the basis that coverage under the First Scottsdale Policy is barred by that Policy's "Exclusion-Work In The State Of New York" endorsement.

36. Scottsdale also disclaimed any obligation to defend or indemnify LZM and any other person or entity in connection with the *Rosa* Action and Accident pursuant to the "Injury To Employee And Worker Exclusion" endorsement in the First Scottsdale Policy in the event it is determined Rosa is an employee of any insured or any contractor hired or retained for any insured, or otherwise falls within one of the categories of excluded injured parties as set forth in the endorsement.

37. Scottsdale also separately denied coverage for the cause of action against LZM alleging it breached its contract by failing to procure insurance for the defendants in the *Rosa*

Action on the basis that it does not seek damages because of "bodily injury" or "property damage" caused by an "occurrence," as is necessary to trigger coverage under the First Scottsdale Policy.

38. Subject to these disclaimers, Scottsdale advised that it would agree to continue to provide LZM with a courtesy defense in the *Rosa* Action pending a judicial determination that the First Scottsdale Policy does not afford coverage for the *Rosa* Action.

### FIRST CAUSE OF ACTION

39. Scottsdale re-alleges paragraphs 1 through 38 above as if fully set forth herein.

40. The injuries alleged by Rosa in the *Rosa* Action arose out of work performed at the Project located at 62 Main Street, Tarrytown, NY 10591.

41. Coverage under the First Scottsdale Policy is subject to the "Exclusion – Work In The State Of New York" endorsement, which bars coverage for "'bodily injury,'…arising out of all ongoing operations conducted at any 'location' in the state of New York."

42. As such, coverage for the *Rosa* Action and Accident under the First Scottsdale Policy is barred by the "Exclusion – Work In The State Of New York" endorsement.

43. Scottsdale is therefore entitled to and demands a declaration that it has no obligation to provide coverage to, nor to defend or indemnify, LZM or any other person or entity in connection with the *Rosa* Action and Accident pursuant to the "Exclusion – Work In The State Of New York" endorsement.

### SECOND CAUSE OF ACTION

44. Scottsdale re-alleges paragraphs 1 through 43 above as if fully set forth herein.

45. The injuries alleged by Rosa in the *Rosa* Action occurred during the course of his work for a subcontractor at the Project.

46. Coverage under the First Scottsdale Policy is subject to the "Injury To Employee And Worker Exclusion" endorsement, which bars coverage for "'[b]odily injury' to…[a]ny 'worker'".

47. As such, coverage for the *Rosa* Action and Accident under the First Scottsdale Policy is barred by the "Injury To Employee And Worker Exclusion" endorsement.

48. Scottsdale is therefore entitled to and demands a declaration that it has no obligation to provide coverage to, nor to defend or indemnify, LZM or any other person or entity in connection with the Rosa Action and Accident pursuant to the "Injury To Employee And Worker Exclusion" endorsement.

### THIRD CAUSE OF ACTION

49. Scottsdale re-alleges paragraphs 1 through 48 above as if fully set forth herein.

50. LZM made material misrepresentations to Scottsdale in its applications for insurance.

51. Scottsdale would not have issued the First Scottsdale Policy that it did issue to LZM had those misrepresentations not been made.

52. Scottsdale herein tenders the premiums for the First Scottsdale Policy to LZM.

53. Scottsdale is therefore entitled to a declaration that the First Scottsdale Policy is rescinded and deemed void *ab initio*, and that Scottsdale has no obligation to defend or indemnify LZM or any other person or entity in connection with the *Rosa* Action, Accident, or any other occurrence, claim, or suit that would fall within the scope of the rescinded First Scottsdale Policy.

### FOURTH CAUSE OF ACTION

54. Scottsdale re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55. LZM made material misrepresentations to Scottsdale in its applications for insurance.

56. Scottsdale would not have issued the Second Scottsdale Policy that it did issue to LZM had those misrepresentations not been made.

57. Scottsdale herein tenders the premiums for the Second Scottsdale Policy to LZM.

58. Scottsdale is therefore entitled to a declaration that the Second Scottsdale Policy is rescinded and deemed void *ab initio*, and that Scottsdale has no obligation to defend or indemnify LZM or any other person or entity in connection with any occurrence, claim, or suit that would fall within the scope of the rescinded Second Scottsdale Policy.

**WHEREFORE**, Scottsdale respectfully requests judgment:

1. declaring that Scottsdale has no obligation to defend or indemnify LZM in connection with the *Rosa* Action and Accident based on the First Scottsdale Policy's "Exclusion – Work In The State Of New York" endorsement;

2. declaring that Scottsdale has no obligation to defend or indemnify LZM in connection with the *Rosa* Action and Accident based on the First Scottsdale Policy's "Injury To Employee And Worker Exclusion" endorsement;

3. declaring that the First Scottsdale Policy is rescinded and void *ab initio*;

4. declaring that, in light of the rescission of the First Scottsdale Policy, Scottsdale has no obligation to defend or indemnify LZM or any other person or entity in connection with the *Rosa* Action, Accident, or any other occurrence, claim, or suit that would fall within the scope of the rescinded First Scottsdale Policy;

5. declaring that the Second Scottsdale Policy is rescinded and void *ab initio;*

6. declaring that, in light of the rescission of the Second Scottsdale Policy, Scottsdale has no obligation to defend or indemnify LZM or any other person or entity in connection with any occurrence, claim, or suit that would fall within the scope of the rescinded Second Scottsdale Policy;

7. granting such other and further relief as the Court finds just and appropriate, including costs and fees in this action.

Dated: Newark, New Jersey
       June 26, 2024

**GOLDBERG SEGALLA LLP**

By: */s/ Christian A. Cavallo*
Christian A. Cavallo, Esq.
*Attorneys for Plaintiff Scottsdale Insurance Company*